## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ROBERT SANDOVAL,

      Plaintiff,

    v.

LIFECELL CORPORATION, et al.,

      Defendants.

_____

*APPLIES TO:*

Amber Hillger

Master Docket No.
No. 2:21-CV-17705-BRM-LDW

**Civil Action No. _____**

### SHORT FORM COMPLAINT

Plaintiff(s) file(s) this Short Form Complaint pursuant to Case Management Order No. 9 and is/are to be bound by the rights, protections, and privileges and obligations of that Order. Plaintiff(s) hereby incorporate(s) the Master Complaint in Case No. 2:21-CV-17705-BRM-LDW by reference. Plaintiff(s) further show(s) the Court as follows:

1. The name of the person implanted with Defendants' Hernia Mesh Device(s) (Plaintiff):

    Amber Hillger
    _____

2. The name of any Consortium Plaintiff (if applicable):

    N/A
    _____

3. Other Plaintiff(s) and Capacity (i.e., administrator, executor, guardian, conservator):

    N/A
    _____

4. At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of:

    Texas
    _____

5.    Defendants (Check Defendants against whom Complaint is made):

      [x]    A.  LifeCell Corporation

      [x]    B.  Allergan USA, Inc.

6.    Check the device(s) and list implant date and location (city and state) for any of Defendants' Hernia Mesh Device(s) in which Plaintiff is making a claim:

      [ ]    Strattice

          Implant Date: _____    City, State: _____

      [x]    Strattice FIRM

          Implant Date: November 1, 2014    City, State: Lubbock, Texas

      [ ]    Strattice Extra-Thick

          Implant Date: _____    City, State: _____

      [ ]    Strattice Perforated

          Implant Date: _____    City, State: _____

      [ ]    Strattice Laparoscopic

          Implant Date: _____    City, State: _____

      [ ]    Other Strattice Implant (please list in space provided below):

          _____

          Implant Date: _____    City, State: _____

7.    Have any of the the Strattice implant(s) above been removed or revised?

      [x] Yes  [ ] No

8.    Counts in the Master Complaint adopted by Plaintiff(s):

      [x]    Count I – Strict Product Liability - Defective Design

[x]    Count II – Strict Product Liability - Failure to Warn

[x]    Count III – Negligence

[x]    Count IV – Negligent Misrepresentation

[x]    Count V – Fraud

[x]    Count VI – Breach of Express Warranty

[x]    Count VII – Breach of Implied Warranty

[x]    Count VIII – Violation of State Consumer Protection Laws

[x]    Count IX – Punitive Damages

[ ]    Other Counts and Pertinent Details: (e.g. Wrongful Death (for Wrongful Death please identify date of death and any other pertinent details below)):

_____

_____

_____

9.    Jury Demand:

[x]    Jury Trial is Demanded as to All Counts

[ ]    A Jury Trial is not Demanded as to the Count(s), identified below:

_____

_____

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, economic damages, punitive damages, interest, full refund of all purchase costs Plaintiff paid for the device, attorneys' fees and costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Complaint as appropriate.

Respectfully Submitted,

*/s/ Joseph J. Fantini*
Joseph J. Fantini
Pennsylvania Bar No. 307833
New Jersey Bar No. 036302009
ROSEN INJURY LAWYERS
101 Greenwood Avenue, Suite 510
Jenkintown, PA 19046
Tel: 215-310-9649
Fax: 215-989-4424
Email: jfantini@roseninjurylawyers.com

*Attorneys for Plaintiff(s)*